

FILED

JUL 27 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>STEPHEN JOSEPH GERBICH and<br>NIKKI ANN GERBICH,<br><br>  Debtors.<br>_____ | Case No. 05-20802-A-7<br><br>Docket Control No. None<br><br>Date: Ex Parte<br>Time: Ex Parte |

**MEMORANDUM**

   Henry Reimers, a certified public accountant, has mailed a letter to the court dated July 8, 2005. It was filed on July 11. The letter has been sent on behalf of E. Joe Graham, DDS, Inc., Pension Plan, an unsecured creditor in this chapter 7 case. The letter complains about the chapter 7 trustee's no-asset report. The court will grant no relief on the basis of this letter for the reasons explained below.

   First, there is no indication that Mr. Reimers is an attorney. Only an attorney admitted to practice in this court may appear on behalf of another person. See Local Bankruptcy Rule 1001-1(c) and Local District Court Rule 83-180(b). A review of the attorney admission records of this district does not reveal that Mr. Reimers is a member of its bar.

Case 05-20802    Filed 07/27/05    Doc 51

Second, the objection to the final report is untimely. On May 9, 2005, the trustee's proposed final report and account was filed. It indicates that no assets were administered by the trustee. On that same day, notice of this "no-asset" report was served on the debtors, the debtors' attorney, the trustee, the United States Trustee, and all creditors, including the E. Joe Graham, DDS, Inc., Pension Plan by service on the Henry Reimers Accountancy Corporation. Service on Mr. Reimers's accountancy corporation is consistent with the proof of claim filed on behalf of the E. Joe Graham, DDS, Inc., Pension Plan.

The notice served directed parties in interest to file any objections to the trustee's final report no later than June 8, 2005. If an objection was filed, the notice further directed the objecting party to file a notice of hearing reflecting that the objection would be resolved by the court on June 27, 2005 at 9:00 a.m.

No objection was filed by, or on behalf of, the E. Joe Graham, DDS, Inc., Pension Plan prior to June 8, 2005. To the extent the letter filed July 11 in an objection to the trustee's report, it is not timely.

Fourth, and to the extent the letter asks the court reconsider its approval of the trustee's report, that motion will be denied. The letter essentially states that Mr. Reimers sent his objection to the trustee's report to the trustee rather than file it with the court. Indeed, such a letter was mailed to the trustee on June 6, 2005. While it is perhaps understandable that Mr. Reimers thought this satisfied the requirements explained in the May 9 notice, it did not and had an attorney admitted to

-2-

practice in this court been consulted it is doubtful the error would have been made.

Nonetheless, rather than simply dismiss the error as being inexcusable neglect, the court has considered the substance of the objection raised, both in the June 6 and July 11 letters. The objection lacks merit.

Mr. Reimers argues that the debtors have the ability to repay his clients loan from future income. To that end, Mr. Reimers provides projections of the debtors' future income to demonstrate their likely ability to repay the loan. This argument has two problems.

On the one hand, this objection has nothing to do with the trustee's report because a chapter 7 debtor's future income is not property of the bankruptcy estate. See 11 U.S.C. § 541(a)(6). See, also In re Fitzsimmons, 725 F.2d 1208, 1210-11 (9th Cir. 1984). And, because the debtors' post-petition income is not property of the estate, the trustee's report cannot be faulted because it does not indicate that the trustee has administered that income.

On the other hand, a chapter 7 petition may be dismissed if it will result in a substantial abuse of chapter 7. See 11 U.S.C. § 707(b). Generally speaking, "the debtor's ability to pay his debts when due as determined by his ability to fund a Chapter 13 plan, is the primary factor to be considered in determining whether granting relief would be a substantial abuse" as that term is used in 11 U.S.C. § 707(b). In re Kelly, 841 F.2d 908, 914 (9th Cir. 1988).

///

1   However, Mr. Reimers and his client cannot seek relief under
2   section 707(b).  Standing to bring a motion to dismiss a chapter
3   7 petition under section 707(b) is limited to the United States
4   Trustee.  See 11 U.S.C. § 707(b) ("on a motion by the United
5   States trustee, but not at the request or suggestion of any party
6   in interest, [the court] may dismiss a case . . . if granting
7   relief would be a substantial abuse of the provisions of this
8   chapter.")  The United States Trustee has never sought to dismiss
9   the case.
10   Further, even if the United State Trustee was inclined to
11   now file a motion to dismiss under section 707(b), it would be
12   denied as untimely.  Such a motion should have been filed no
13   later than the 60th day following the original setting of the
14   meeting of creditors.  See Fed. R. Bankr. P. 1017(e)(1).  In this
15   case, the meeting of creditors was first set on March 1, 2005.
16   Because the 60th day following March 1 fell on a Saturday, the
17   last day to file a section 707(b) dismissal motion was May 2.
18   See Fed. R. Bankr. P. 9006(a).  No motion was filed by the United
19   States Trustee by this deadline (or at any other time).
20   Even if the court ignored the plain language of section
21   707(b) and accorded standing to Mr. Reimers and his client under
22   section 707(b) and construed both the June 6 letter to the
23   trustee and the July 11 letter to the court as motions to dismiss
24   the petition, both motions would be untimely.
25   The two letters from Mr. Reimers could also be interpreted
26   as requests that the debt owed to the E. Joe Graham, DDS, Inc.,
27   Pension Plan be excepted from the debtors' chapter 7 discharge on
28   the ground that Mr. Gerbich misrepresented his intention or

ability to repay the loan.  See 11 U.S.C. § 523(a)(2).

The debtors' chapter 7 discharge was entered on May 13, 2005.

To object to the discharge of a particular debt, a complaint had to be filed by the creditor no later May 2, 2005.  See Fed. R. Bankr. P. 4007(c).  Notice of this deadline was served by the court clerk on January 27, 2005.  According to the proof of service, notice was given Mr. Reimer's client care of his professional accountancy corporation.

A review of the docket reveals that no complaints objecting to the discharge of debts were filed on or before May 2 (or at any other time).  If the court were to construe the June 6 and July 11 letters as complaints, they would be untimely.

In conclusion, the objection to the final report was untimely, there is no good excuse for the failure to file a time, and the objection lacks merit because it does not demonstrate that the trustee failed to administer property of the estate. Furthermore, to the extent the creditor seeks dismissal pursuant to section 707(b), the creditor lacks standing to bring the motion and, ignoring the lack of standing, the motion comes too late as does any attempt to seek an exception to discharge on the basis of fraud or some other intentional misconduct.

A separate order will be entered.

Dated: 27 July 2005

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-5-

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Hank Spacone
PO Box 255808
Sacramento, CA 95865-5808

C. Rector
3102 O St
Sacramento, CA 95816

Henry J. Reimers, Jr., CPA
PO Box 1507
Yuba City, CA 95992-1507

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Dated: JUL 28 2005

_____
Deputy Clerk
Sarah Potter